

Eric D. Wong
Tel 973.360.7900
wonge@gtlaw.com

## VIA ECF AND E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Klein v. Jelly Belly Candy Company*
              Docket No. 1:22-CV-05629 (JPC) (JLC)

Dear Judge Cronan:

      On behalf of Defendant Jelly Belly Candy Company ("Jelly Belly"), we respectfully submit this letter pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases to notify the Court that Jelly Belly intends to move to dismiss the Complaint filed by Plaintiff David Klein ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

      This lawsuit is merely the latest in a long series of public relations stunts by Plaintiff to capitalize off of Jelly Belly's name and goodwill for his own gain. The parties have not had any relationship for decades, but the disgruntled Plaintiff continues to complain that he has not received the recognition he believes he is owed related to Jelly Belly's Jelly Belly® brand of jelly beans. Now, Plaintiff imagines a broad conspiracy against him, claiming that Jelly Belly colluded with "the press" and defamed him by "portray[ing] Plaintiff as not the true founder and inventor of the Jelly Belly jelly bean" and "misrepresent[ing] the original founder and creator of the Jelly Belly Candy Company." Compl. (Dkt. No. 1-2), at pp. 2, 5 of 6.[1] Plaintiff's claims for libel and civil conspiracy are barred in part by the statute of limitations, and the Complaint otherwise fails to state those claims.

      **A.  Plaintiff's Claims Are Barred In Part By The Statute Of Limitations**

      Plaintiff's libel claim is subject to a one-year statute of limitations, which runs from the publication of each allegedly defamatory statement. *See* NY CPLR 215(3). Plaintiff's civil conspiracy claim is derivative of the libel claim and is subject to the same statute of limitations. *See Murphy v. Morlitz*, No. 15-CV-7256 (VSB), 2017 WL 4221472, at *8 (S.D.N.Y. Sept. 21, 2017). Plaintiff attempts to base his claims on three statements: an article published on April 4, 2019, emails sent between November 12, 2020 and November 19, 2020, and an article published on September 20, 2021. The statute of limitations based on the April 4, 2019 article and the November 2020 e-mails expired long before Plaintiff filed the Complaint on May 23, 2022. Plaintiff's claims based on those alleged statements are time-barred.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

* OPERATES AS
  GREENBERG TRAURIG MAHER LLP
+ OPERATES AS
  GREENBERG TRAURIG, S.C.
** STRATEGIC ALLIANCE
∞ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K.

---

[1] The Complaint does not contain numbered paragraphs and counts in violation of Fed. R. Civ. P. 10, and Jelly Belly intends to move, in the alternative, for a more definitive statement pursuant to Fed. R. Civ. P. 12(e) to the extent that any portion of Plaintiff's claims survive the anticipated motion to dismiss.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW
500 Campus Drive, Ste 400 ■ Florham Park, New Jersey 07932-0677 ■ Tel 973.360.7900 ■ Fax 973.301.8410

### B. Plaintiff Fails To Plead A Libel Claim

To state a claim for libel, Plaintiff must allege "(1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). The Complaint fails to plead all of those elements.

***First***, Plaintiff does not allege any false or defamatory statement about him. In the September 20, 2021 article (the only statement published within the statute of limitations), The Washington Post stated that an earlier version of an article it published about Plaintiff "misidentified David Klein as the founder of the Jelly Belly Candy Company" and that "Gustav Goelitz was the founder of the company, which was formerly known as the Herman Goelitz Candy Company." This is true. David Klein is not the founder of the Jelly Belly Candy Company, formerly known as the Herman Goelitz Candy Company. The Goelitz family candy business is more than 100 years old, and was originally founded by Gustav Goelitz. These facts are confirmed by the corporate documents of Jelly Belly and its predecessor entities.[2] Indeed, Plaintiff has acknowledged these facts in various interviews.

Moreover, to support a libel claim, the statement must be defamatory, *i.e.*, it must "expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons." *Foster v. Churchill*, 87 N.Y.2d 744, 751 (N.Y. 1996). "In evaluating whether a cause of action for defamation is successfully pleaded, . . . if [the alleged statements are] not reasonably susceptible of a defamatory meaning, [they] are not actionable and cannot be made so by a strained or artificial construction." *Couloute v. Ryncarz*, No. 11-CV-5986 (HB), 2012 WL 541089, at *5 (S.D.N.Y. Feb. 17, 2012). Thus, courts routinely dismiss claims where the allegedly defamatory statements, under a normal reading, do not plausibly defame the plaintiff.[3] The Washington Post's statement that Gustav Goelitz was the founder of the Jelly Belly Candy Company, which was formerly known as the Herman Goelitz Candy Company, does not plausibly defame Plaintiff. "Courts will not strain to find defamation where none exists." *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (N.Y. App. Div. 1st Dep't 1999). None exists here.

***Second***, all of the statements Plaintiff identifies in the Complaint are by media outlets, and Plaintiff must therefore allege that Jelly Belly "was responsible for or ratified the publication." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002). However, Plaintiff only conclusorily asserts that The Washington Post article "was published at the direction of Defendant." Compl., at p. 5 of 6. That is not sufficient, and, regardless, Plaintiff does not plead any alleged facts supporting his bald assertion. Simply parroting the legal elements of the claim is not sufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] The Court can take judicial notice of these facts. *See AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10-CV-04439 (NGG) (RER), 2011 WL 4404029, at *4 (E.D.N.Y. Aug. 31, 2011) ("[C]ertificates of amendment and incorporation are public documents of which it is permissible to take judicial notice.").

[3] *See, e.g., Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d at 67 (dismissing defamation claim where statement "could not plausibly expose [plaintiff] to public contempt, ridicule, or disgrace, or an induce an evil opinion of her"); *Aslin v. Univ. of Rochester*, No. 17-CV-06847, 2019 WL 4112130, at *23 (W.D.N.Y. Aug. 28, 2019) (rejecting plaintiff's request "to strain the plain words of this statement to impute a defamatory meaning" because "the statement is not defamatory, let alone defamatory per se, and the plaintiffs' claims based on this statement therefore are dismissed."); *Karedes v. Vill. of Endicott*, No. 01-CV-1395, 2004 WL 1683146, at *4 (N.D.N.Y. Mar. 22, 2004) (granting motion for judgment on the pleadings where "there are no set of facts from which Plaintiff could prove that the statements in the broadcast that concern him are defamatory").

***Third***, Plaintiff is a public figure,[4] and must therefore allege that Jelly Belly acted with "actual malice." *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 818 (S.D.N.Y. 2021). Plaintiff's bald assertion that Jelly Belly acted "recklessly" is not sufficient, and is not supported by any factual allegations pleading actual malice. Plaintiff's libel claim should be dismissed on this basis as well. *See, e.g., Orenstein v. Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (dismissing defamation claim where plaintiff only pleaded the conclusory assertion that defendant "acted [] recklessly"); *Egiazaryan v. Zalmayev*, No. 11-CV-2670 (PKC), 2011 WL 6097136, at *8 (S.D.N.Y. Dec. 7, 2011) (dismissing defamation claim, finding that "[plaintiff's] repeated assertion that [defendant] acted with malice is unavailing because it is a legal conclusion not entitled to presumption of truth, and he alleges no facts plausibly supporting that conclusion.").

### C. Plaintiff Fails To Plead A Civil Conspiracy Claim

Plaintiff civil conspiracy claim is derivative of Plaintiff's libel claim, so Plaintiff's failure to plead the elements of the underlying libel claim also requires the dismissal of his civil conspiracy claim. *See Marino v. Grupo Mundial Tenedora, S.A.*, 810 F. Supp. 2d 601, 610 (S.D.N.Y. 2011) ("Claims of civil conspiracy which do not allege, or which insufficiently allege, an underlying tort must be dismissed for failure to state a claim under Rule 12(b)(6)."). Moreover, Plaintiff does not plead an agreement among the alleged conspirators. Instead, Plaintiff only conclusorily asserts that "[a]n agreement was [] made by The Washington Post on September 20, 2021 when the Washington Post retracted Plaintiff as the founder and creator of the Jelly Belly Candy Company." Compl., at p. 5 of 6. Plaintiff does not allege any facts that might support this bare assertion. Courts uniformly dismiss civil conspiracy claims where an agreement is conclusorily asserted.[5]

Jelly Belly respectfully submits the following briefing schedule for its anticipated motion:

- Jelly Belly's moving brief:  July 22, 2022
- Plaintiff's opposition brief:  August 5, 2022
- Jelly Belly's reply brief:  August 12, 2022

We thank the Court for its attention to this matter and its consideration of this letter.

Respectfully submitted,

GREENBERG TRAURIG, LLP
By: */s/ Eric D. Wong*
   Eric D. Wong
Attorneys for Defendant

The request is granted.  Defendant shall move to dismiss by July 22, 2022, Plaintiff shall oppose by August 12, 2022, and Defendant shall reply by August 19, 2022.

SO ORDERED
Date: July 19, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

---

[4] Plaintiff has aggressively sought media and public attention regarding the Jelly Belly® jelly bean, and is therefore a limited-purpose public figure.  *See, e.g., Biro v. Condé Nast*, 963 F. Supp. 2d 255, 271 (S.D.N.Y. 2013) (finding plaintiff was limited-purpose public figure where he had been "interviewed for a feature-length documentary," he made a "myriad" of "public appearances," and he "voluntarily injected himself" into the public sphere).

[5] *See, e.g., Jacquemyns v. Spartan Mullen Et Cie, S.A.*, No. 10-CV-1586 (CM) (FM), 2011 WL 348452, at *7 (S.D.N.Y. Feb. 1, 2011) ("Bare allegations of conspiracy are not enough to state a claim; a pleader must allege particular facts supporting a meeting of the minds. . . . Plaintiffs make no attempt to allege facts indicative of an agreement among defendants to defraud plaintiffs. Without more, the court is not required to presume that plaintiffs' conclusory statements are true."); *see also Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (noting that the Second Circuit "has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of conspiracy . . . will be dismissed").