

Eric D. Wong
Tel 973.360.7900
wonge@gtlaw.com

August 15, 2022

**VIA ECF AND E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    ***Klein v. Jelly Belly Candy Company***
              **Docket No. 1:22-CV-05629 (JPC) (JLC)**

Dear Judge Cronan:

      On behalf of Defendant Jelly Belly Candy Company ("Jelly Belly"), we write in response to the August 10, 2022 pre-motion letter (Dkt. No. 18) filed by Plaintiff David Klein ("Plaintiff"). Plaintiff's proposed motion to transfer venue, or in the alternative, to voluntarily dismiss the Complaint without prejudice is simply the latest, desperate attempt to continue to harass Jelly Belly. Plaintiff chose this state as the venue for his baseless claims against Jelly Belly with full knowledge that he would be bound by the New York statues of limitations. Now, only after Jelly Belly moved to dismiss Plaintiff's claims, and recognizing that the applicable New York statute of limitations bars his claims, Plaintiff seeks to transfer this action to the United States District Court of the District of Massachusetts – which has no connection to this action – because there is a three-year statute of limitations there. MGL c.260, § 4. This gamesmanship should not be tolerated.

      **A.  There Is No Basis To Transfer This Action**

      Plaintiff's anticipated motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is baseless and should not be permitted. A court may transfer venue pursuant to 28 U.S.C. § 1404(a) only "[f]or the convenience of parties and witnesses, in the interest of justice." In deciding a motion to transfer venue pursuant to section 1404(a), a court considers: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006). The party requesting the transfer carries the "burden of making out a strong case for transfer." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010).

      These factors – which Plaintiff fails entirely to address in his pre-motion letter – unquestionably weigh against transfer to the District of Massachusetts. None of the parties, witnesses, documents or other evidence are located in Massachusetts, and none of the operative facts occurred there. Plaintiff's choice of forum was New York, and to the extent he regrets that choice now, his new choice should not be given deference because Massachusetts has no connection to the parties or the dispute. *See Mitsui Marine Fire Ins. Co. Ltd. v. Nankai Travel Intern. Co.*, Inc., 245 F. Supp. 2d 523, 525 (S.D.N.Y. 2003) (plaintiff's choice of forum "is given less weight where the case's operative facts have

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

* OPERATES AS
  GREENBERG TRAURIG MAHER LLP
+ OPERATES AS
  GREENBERG TRAURIG, S.C.
** STRATEGIC ALLIANCE
∞ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP K

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW
500 Campus Drive, Ste 400 ■ Florham Park, New Jersey 07932-0677 ■ Tel 973.360.7900 ■ Fax 973.301.8410

little connection with the chosen forum."). Indeed, the District of Massachusetts is a nonsensical venue for this action, belatedly chosen by Plaintiff to attempt to save his time-barred claims, and litigating this action there would only impose more inconvenience on the parties and witnesses. Plaintiff has no good faith basis to argue that this action should be transferred to the District of Massachusetts for the convenience of the parties and witnesses.

### B. Plaintiff Should Not Be Permitted To Voluntarily Dismiss The Complaint Without Prejudice

Voluntary dismissal without prejudice under Rule 41(a)(2) is "not a matter of right," *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990), and should not be permitted where it would result in "some plain legal prejudice" to the defendant. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) ("dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'") (quoting *Cone v. West Virginia Pulp Paper Co.*, 330 U.S. 212, 217 (1947)). Allowing a plaintiff to voluntarily dismiss a claim that is time-barred in one jurisdiction in order to refile it in a jurisdiction with a longer statute of limitations results in legal prejudice to the defendant and requires the denial of a motion for voluntary dismissal. *See Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (affirming denial of plaintiff's motion to dismiss without prejudice where grant of motion would "deprive [defendant] of its statute of limitations defense, a loss that would constitute the type of 'plain legal prejudice' that makes voluntary dismissal improper under Rule 41(a)(2)."); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of . . . a statute-of-limitations defense"); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."); *Metro. Fed. Bank, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed."); *Phillips v. Ill. C. G. R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (loss of statute of limitations defense caused by grant of motion to voluntarily dismiss without prejudice would cause "defendant [to] be stripped of an absolute defense to the suit -- the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. If this does not constitute clear legal prejudice to the defendant, it is hard to envision what would.").[1]

Federal courts throughout New York have applied these circuit court decisions to hold that a plaintiff's voluntary dismissal without prejudice of a claim subject to a statute of limitations defense in New York constitutes legal prejudice to the defendant and should not be permitted. In *Riley*, for example, as here, the plaintiff sought dismissal without prejudice "simply to avoid a dismissal based on the statute of limitations." 2006 WL 13730577, *2. The court denied motion, finding "that Defendants would be prejudiced by a voluntary dismissal" because "the loss of an affirmative defense constitutes legal prejudice. This is particularly true under New York law

---

[1] Whether depriving a defendant of a valid statute of limitations defense constitutes legal prejudice is the subject of a circuit split, and the Second Circuit has not ruled on this issue. *See Riley v. A.W. Chesterton Company*, No. 05-CV-0668, 2006 WL 13730577, *4 (N.D.N.Y. May. 18, 2006) (noting the circuit split). The majority of circuit courts that have addressed this issue – including the Fifth and Eighth Circuits cited in Plaintiff's letter (at n. 2 and n.3) – hold that this would result in legal prejudice. Only the Eleventh Circuit has held permitted voluntary dismissal to deprive a defendant of a statute of limitations defense. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 858 (11th Cir. 1986).

because cases dismissed as untimely are considered decisions on the merits for purposes of *res judicata*." *Id*. at *4. The court cited the same circuit decisions that Plaintiff cites in his pre-letter motion. *See id*. (citing *Metro. Fed. Bank*, 999 F.2d at 1262; *Phillips*, 874 F.2d at 984). Other New York courts have similarly acknowledged that, where voluntary dismissal without prejudice would deprive the defendant of a statute of limitations defense, it should be denied. *See Allstate Ins. Co. v. Khotenok*, No. 18-CV-5650 (FB) (RER), 2022 WL 2467014, at *2 (E.D.N.Y. Mar. 29, 2022) (noting "the loss of a statute-of-limitations defense" as an example of legal prejudice) (citing *Westlands Water Dist.*, 100 F.3d at 97); *Gov't Emples. Ins. Co. v. Hazel*, No. 11-CV-00410 (CBA) (VMS), 2014 WL 4628655, at *22 (E.D.N.Y. Aug. 11, 2014) (same).[2]

In addition to the legal prejudice that precludes the Court from granting Plaintiff's anticipated motion, "duplicative expense of relitigation" also weighs against voluntary dismissal. *Zagano*, 900 F.2d at 14. Here, Plaintiff chose New York venue and Jelly Belly expended significant resources to develop its defense strategy based on New York law. If the Court permits Plaintiff to dismiss his Complaint and refile it in some other jurisdiction, that work will be wasted and will need to be redone under the new jurisdiction's law. In such cases, if a court grants a motion to voluntarily dismiss, it may simultaneously award the defendant its fees incurred in the action to date to mitigate the duplicative expense of relitigation. *See, e.g., Am. Transit Ins. Co. v. Roberson*, 114 A.D.3d 821, (N.Y. App. Div. 2014) ("Any prejudice to the defendants was properly obviated by awarding costs and an attorney's fee to the defendants to compensate them for the time expended in the defense of the action to date"); *Germain v. Semco Service Mach. Co., Inc.*, 79 F.R.D. 85, 87 (E.D.N.Y. 1978); *Klar*, 14 F.R.D. at 176. Accordingly, Jelly Belly reserves the right to seek those fees in response to Plaintiff's anticipated motion.

Finally, Plaintiff's unsupported request to stay Jelly Belly's pending motion to dismiss based on his anticipated motion (Dkt. No. 19) is improper because a court "should abstain from [transferring venue] when that case is a 'sure loser.'" *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). Indeed, while some states have three-year statutes of limitations for libel claims, none of them (including Massachusetts) have any relationship to the parties or Plaintiff's claims, and none are proper venues for this action. Thus, if Plaintiff's anticipated motion for voluntary dismissal is granted and Plaintiff refiles in a jurisdiction with a longer statute of limitations, the action would be subject to dismissal pursuant to 28 U.S.C. § 1406(a), and another needless motion to dismiss would only increase the burden on the parties and the Federal court system. Accordingly, the Court can and should grant Jelly Belly's motion to dismiss notwithstanding Plaintiff's attempts to delay that result, and should require Plaintiff to file an opposition by August 16, 2022 (and permit a corresponding extension of Jelly Belly's time to reply).

We thank the Court for its attention to this matter and its consideration of this letter.

Respectfully submitted,

GREENBERG TRAURIG, LLP
By: ***/s/ Eric D. Wong***
   Eric D. Wong
Attorneys for Defendant

cc: Counsel of Record via ECF

---

[2] One 70-year old case allowed a voluntary dismissal without prejudice to avoid a statute of limitations defense, without conducting a legal prejudice analysis. *See Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176, 176 (S.D.N.Y. 1953). However, all more recent decisions by Federal courts in New York (cited herein) have relied on the majority of circuit courts to acknowledge that such a dismissal would result in legal prejudice to defendants.