**FBY ECF** August 15, 2022
Hon. John P. Cronan
Unite States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. New York, NY 10007

    **Re:** *David Klein v. Jelly Belly Candy Company* Civil Action No. 22-cv-05629-JPC

Dear Judge Cronan:

    I, Farva Jafri, Esq. representing David Klein, the ("Plaintiff") in the above-referenced action. Pursuant Local Rule 11.1(b)[1] and Individual Rules and Practices in Civil Cases 6(A)[2], seek leave to strike from the record Defendants' pre-answer motion[3].

    *Jelly Belly Candy Company's* ("Defendants"), counsel Eric D. Wong, of Greenberg Traurig, has filed two pre-motion letters, in the above-referenced case, a pre-motion letter[4], and a response letter[5]. Opposing counsel has failed to abide by the Local Rule 11.1(b) and the individual rules provided by Your Honor, which explicitly states that a pre-motion letter and response letter cannot exceed three pages and must be double spaced. Mr. Wong has blatantly disregarded both the aforementioned rules. A court facing a similar disregard for his individual rules "…properly dismissed [applicant's] motion without prejudice in light of her failure to comply with Judge Shields' Individual Rules,…" *Sibley v. Choice Hotels Int'l, Inc.*, No. 14-CV-

---

[1] (b) The typeface, margins, and spacing of all documents presented for filing must meet the following requirements: (1) all text must be 12-point type or larger, except for text in footnotes which may be 10-point type; (2) all documents must have at least one-inch margins on all sides; (3) all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be singlespaced.

[2] Pre-Motion Letters in Civil Cases. Unless otherwise ordered by the Court, a party seeking to file a motion must submit a pre-motion letter in accordance with 1.A above, not to exceed three pages in length absent leave of the Court, notifying the Court of its anticipated motion, summarizing the basis for the anticipated motion, and proposing a briefing schedule. All parties served with the pre-motion letter may submit a letter response, also not to exceed three pages absent leave of the Court,"

[3] *See,* Doc. No. 21
[4] *See,* Doc. No. 6
[5] *See,* Doc. No. 21

1

0634 (JS)(AYS), 2017 WL 149965, at *6 (E.D.N.Y. Jan. 13, 2017). Had the pre-answer been submitted in a proper double-spaced format, it would have come out to more than double the allowed space.

Unlike the opposing counsel and their multinational firm with insurmountable resources, our small firm spent hours drafting a persuasive and concise pre-motion letter, cutting down on legal arguments and relevant examples, in order to abide by the rules of this court. The opposing counsel's submission has put us at a severe disadvantage. This pre-motion letter is a request to allow a submission of a motion to follow. We plead with the court to strike the defense counsel's letter response, due to his blatant disregard for the rules of this court and any other remedies it sees fit to grant.

We appreciate the court's attention to this matter and its consideration of this letter.

Respectfully submitted on August 15, 2022.

*/s/ Farva Jafri*
Farva Jafri
JAFRI LAW FIRM
50 Evergreen Row
Armonk, NY 10504
(800) 593-7491
(Telephone)
farva@jafrilawfirm.com

*Attorney for Plaintiff
David Klein*

cc: Counsel of record (by ECF)