

Eric D. Wong
Tel 973.360.7900
wonge@gtlaw.com

August 17, 2022

**VIA ECF AND E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Klein v. Jelly Belly Candy Company*
                Docket No. 1:22-CV-05629 (JPC) (JLC)

Dear Judge Cronan:

      On behalf of Defendant Jelly Belly Candy Company ("Jelly Belly"), we write in response to the August 15, 2022 pre-motion letter (Dkt. No. 22) filed by Plaintiff David Klein ("Plaintiff"). Plaintiff's proposed motion to strike is just another attempt to distract from his baseless claims that are unquestionably subject to dismissal.

      Letters (as opposed to more formal motions) are commonly accepted in single-spaced format. Plaintiff knows this: his August 12, 2022 application for an adjournment of his time to oppose Jelly Belly's pending Motion to Dismiss was single spaced (*see* Dkt. No. 19). The Court accepted that letter (*see* Dkt. No. 21) and has accepted other single-spaced letters previously filed by Jelly Belly (*see* Dkt. Nos. 7 and 8). Plaintiff's request should be rejected out of hand.

      Regardless, the format of Jelly Belly's letter does not prejudice Plaintiff, because Plaintiff will have an opportunity to brief these issues if his proposed motion is filed, and striking Jelly Belly's pre-motion response is unnecessary. *See Perez v. U.S. Immigr. & Customs Enf't*, No. 19-CV-3154 (PGG) (JLC), 2020 WL 4557387, at *4 (S.D.N.Y. Aug. 6, 2020) (denying motion to strike where "no purpose would be served by striking [the] submissions"), *adopted*, 2020 WL 5362356 (S.D.N.Y. Sept. 8, 2020); *Bank v. Spark Energy, LLC*, No. 19-CV-04478 (PKC) (LB), 2020 WL 6873436, at *6 (E.D.N.Y. Nov. 23, 2020) (denying motion to strike as "unnecessary in this case"), *aff'd*, 860 F. App'x 205 (2d Cir. 2021); *Nat'l Grid Corp. Servs. v. Brand Energy Servs., LLC*, No. 13-CV-1275 (DRH) (ARL), 2017 WL 1194499, at *10 n.7 (E.D.N.Y. Mar. 30, 2017) (denying leave to file a motion to strike pages of a brief that exceeded the court's local rules, based on the lack of prejudice); *Catz v. Precision Glob. Consulting*, No. 19-CV-7499 (ER), 2021 WL 1600097, at *4-5 (S.D.N.Y. Apr. 23, 2021) (denying motion to strike where movant had opportunity to address the over-length submission).

      Plaintiff's reliance on *Sibley v. Choice Hotels Int'l, Inc.*, No. 14-CV-0634 (JS) (AYS), 2017 WL 149965 (E.D.N.Y. Jan. 13, 2017), is misplaced. In that case, the plaintiff filed a motion without first seeking a pre-motion conference, and the Magistrate Judge denied the motion without prejudice on that basis. *See id.* at *4. The plaintiff appealed that decision to the District Judge, who upheld the Magistrate Judge's decision. *See id.* at *6. Notably, although Plaintiff does not address it in his letter, the very next paragraph of the decision in *Sibley* is more instructive here. The plaintiff in *Sibley* also moved to strike

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

* OPERATES AS
  GREENBERG TRAURIG MAHER LLP
+ OPERATES AS
  GREENBERG TRAURIG, S.C.
** STRATEGIC ALLIANCE
∞ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP K

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW
500 Campus Drive, Ste 400 ■ Florham Park, New Jersey 07932-0677 ■ Tel 973.360.7900 ■ Fax 973.301.8410

the defendant's summary judgment motion for failure to comply with formatting requirements, and the court denied that motion, noting that "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and deciding that "the Court will exercise its broad discretion to overlook Defendants' non-compliance." *Id*. (internal quotations and citations omitted).

Finally, while Plaintiff's letter appears to seek permission to file a motion to strike Jelly Belly's response to his pre-motion letter regarding his proposed motion to transfer or voluntarily dismiss the Complaint (Dkt. No. 20), Plaintiff also inconsistently asserts that he "seek[s] leave to strike from the record Defendants' pre-answer motion." Dkt. No. 22, at 1. Perhaps this is sloppy drafting, but to the extent that Plaintiff seeks leave to move to strike Jelly Belly's pending Motion to Dismiss (Dkt. Nos. 10-13), the Court should reject this request and not allow such a motion, because the Court permitted Jelly Belly's Motion to Dismiss. *See* Dkt. No. 8 (memo endorsement on Jelly Belly's single-spaced pre-motion letter). The papers supporting Jelly Belly's Motion to Dismiss are double spaced, and there is no basis for Plaintiff to argue that it is over-length or otherwise non-compliant with the Rules (nor does he).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

GREENBERG TRAURIG, LLP
By: **/s/ Eric D. Wong**
Eric D. Wong
Attorneys for Defendant

cc: Counsel of Record via ECF