**BY ECF**                                                                                                                                                                    August 10, 2022
Hon. John P. Cronan
Unite States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. New York, NY 10007

      **Re:**     *David Klein v. Jelly Belly Candy Company* Civil Action No. 22-cv-05629-JPC

Dear Judge Cronan:

      I, Farva Jafri, Esq., represent David Klein, the ("Plaintiff") in the above-referenced action. I am submitting this pre-motion letter pursuant to Rule 6(A) of Your Honor's Individual Rules. Pursuant to 28 U.S.C. 1404(a), Plaintiff seeks leave to transfer venue, or in the alternative, pursuant to Rule 41(a)(2) to voluntarily dismiss this action without prejudice.

      *Jelly Belly Candy Company* ("Defendant"), a conglomerate represented in all 50 states, has taken steps to paint the Plaintiff in a negative light, and publicly question his truthful status as the founder and inventor of the Jelly Belly jelly bean. *See,* Compl. Pg. 1, 2. The Defendant has filed a Motion to Dismiss. Dkt. 10, Notice of Motion to Dismiss.

      In the Complaint, we asserted three instances where the Defendant committed acts of Libel. On April 3, 2019, Mr. Klein learned about an article that was published by Refinery29 giving him credit for coming up with the Jelly Bean, referring to him "Mr. Jelly Belly himself.". *See,* Compl. Pg 3. Shortly after, on April 4, 2019, the publication issued a redaction stating that the Plaintiff was not the founder and simply came up with the name. Disparaging the Plaintiff's achievement of inventing the product. On another occasion, September 2, 2021, the Defendant once more caused an article giving credit to Mr. Klein as the founder of the jelly bean to be "corrected". *Id.* Changing to articles in such a manner was meant for a reader to interpret the initial statement to be read as false. Mr. Klein also had an email exchange with Newswire

representative where they refused to publish anything in which Mr. Klein took credit as an inventor of the Jelly Bean. *See,* Compl. Pg 4.

Lastly, according to Mr. Klein's honest knowledge and belief The Washington Post retracted a statement acknowledging the Plaintiff as the founder and creator of the Jelly Belly jelly bean on September 20, 2021 on the behest of the Defendant. *See,* Compl. Pg 5.

The Mr. Klein is also aware of Newswire receiving specific instructions to disallow him to accurately and truthfully explain his role in inventing and founding of the Jelly Belly Jelly Bean. The plaintiff further suspects that the Defendant has taken other steps in precluding the truth of Plaintiff's involvement in creation of the Jelly Bean from reaching the public. *Id.*

The Defendant claims that the first two instances that Mr. Klein asserted fall outside of the one-year statute of limitation, the article published on April 4, 2019 and email sent November 19, 2020, and failure to meet statutory requirements of libel. While we disagree with the Defendant that statutory elements were not met in order to survive the motion to dismiss, the Plaintiff respectfully requests the court to consider pursuant to 28 U.S.C. 1404(a) that this action is transferred to the United States District Court of the District of Massachusetts for the following reasons:

First, it is reasonable to consider the convenience of the plaintiff and possible future witnesses when deciding if the change of venue is warranted.

Second, In the interest of justice, this action could have been brought in the United States District Court of the District of Massachusetts by the Plaintiff.

Fourth, our filing in this Court was not made in bad faith or with any intent to cause undue expense to any of the parties of the Court.

Fifth, there would be no undue harm to Defendant as a result of the transfer.

**Should the court deny our Motion to Change Venue, in the alternative, we ask the court to exercise its discretion in allowing the Plaintiff to dismiss the case without prejudice per *Rule 41. Dismissal of Actions* of the Federal Rules of Civil Procedure.**

Sixth, a plaintiff may be able to voluntarily dismiss the action and then refile it in a jurisdiction with a longer statute of limitations.[1]

Seven, Courts generally will allow a plaintiff to dismiss a claim without prejudice so long as the defendant will not suffer "clear legal prejudice" as a result.[2]

Eight, whether, and on what conditions, to grant a motion for voluntary dismissal without prejudice is within the "sound discretion of the trial court."[3]

Nine, when a plaintiff's lawyer files a time-barred claim, the defendant does not acquire a vested interest in that jurisdiction, the defendant acquires a procedural advantage.[4]

Ten, the "extreme" sanction of dismissal with prejudice is appropriate only in cases where lesser protections would not serve the interests of justice.[5]

David Klein respectfully submits the following briefing schedule for the anticipated motion:

> David Klein shall file and serve his moving brief: August 11, 2022
> Defendant shall file and serve an opposition brief: August 25, 2022
> David Klein may file and serve a reply brief: September 1, 2022

We appreciate the court's attention to this matter and its consideration of this letter.

---

[1] See FED. R. CIV. P. 41(a); infra note 67
[2] See, e.g., Metro. Fed. Bank, 999 F.2d at 1262;
[3] Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989); accord Tucker v. Tucker, 434 N.E.2d 1050, 1052 (N.Y. 1982); Bradshaw v. Ewing, 376 S.E.2d 264, 267 (S.C. 1989).
[4] See Germain, 79 F.R.D. at 86 (rejecting defendant's claim of prejudice, stating that a defendant does not acquire a vested interest when plaintiff's counsel files a lawsuit in a jurisdiction where the statute of limitations has expired).
[5] See, e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (finding dismissal with prejudice was appropriate where the plaintiff "engaged in a pattern of delay and deliberately refused to comply with the directions of the court" because any lesser sanction would not have served the interests of justice).

Respectfully submitted on August 10, 2022.

JAFRI LAW FIRM

*s/ Farva Jafri*
Farva Jafri
50 Evergreen Row
Armonk, NY 10504
(800) 593-7491
farva@jafrilawfirm.com

*Attorney for Plaintiff*

cc: Counsel of record (by ECF)

If Plaintiff wishes to terminate this action, and presumably re-file his Complaint in different District, he shall file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) by August 29, 2022. In the event Plaintiff does not file a notice of voluntary dismissal, his opposition to Defendant's motion to dismiss is due by September 2, 2022, and Defendant's reply is due by September 12, 2022. The Court also will set a briefing schedule for any motion to transfer venue in the event Plaintiff does not file a notice of voluntary dismissal.

SO ORDERED.
Date: August 22, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge